William **TERRY**, Appellant,

v.

Emily **RUCKER**, Parole Officer, Fayetteville, Arkansas and Arkansas Department of Correction, Appellees.

No. 81–1096.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1981.

Decided May 19, 1981.

---

**564**

William Terry, pro se.

Steve Clark, Atty. Gen. by Dennis R. Molock, Deputy Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

William Terry, proceeding *pro se,* appeals from the decision of the district court dismissing his civil rights action against his parole officer, Emily Rucker, and the Arkansas Department of Correction.

Terry was released on parole from the Arkansas Department of Correction on May 27, 1979. On October 4, 1979, he was charged in Washington County Circuit Court with several criminal offenses. He was convicted in state court of three felony offenses on December 18, 1979, and received a sentence of six years. Terry appeared before the Arkansas Parole Board on January 25, 1980, and his parole was subsequently revoked. Terry complains that he was denied due process in the parole revocation proceeding because he did not receive a preliminary hearing to determine probable cause for revocation of parole as required by *Morrissey v. Brewer,* 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972). He also alleges that Rucker, his parole officer, discriminated against him on the basis of race by denying his release on bond from the Washington County Jail prior to trial. The district court dismissed Terry's petition for failure to state a cause of action and he appeals. We affirm.

 While *Morrissey* does dictate that due process entitles parolees to a preliminary hearing to determine whether proba-

ble cause for revocation of parole exists, that requirement does not apply here. The Supreme Court specifically noted in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) that where a parolee has already been convicted and incarcerated on a subsequent offense the need for the preliminary hearing is obviated. *Id.* at 86 n.7, 97 S.Ct. at 278 n.7.

As to the second claim, Terry's petition states no cause of action against Rucker. As the district court noted, it was the court and not Rucker who denied Terry's request for release on bond. The decision of the district court dismissing the action is hereby affirmed.